IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOSHUA CHRISTOPHER WHITE,

        Plaintiff,

    v.                                      Civil Action No.
                                          5:15-CV-1394 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
  of Social Security,

        Defendant.

---

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP       MICHELLE FECIO, ESQ.
300 State Street                HOWARD D. OLINSKY, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN  HEETANO SHAMSOONDAR, ESQ.
United States Attorney        Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on October 6, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:    October 12, 2016
          Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------x
JOSHUA CHRISTOPHER WHITE,

                            Plaintiff,

vs.                           5:15-CV-1394

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,


                            Defendant.
---------------------------------------x
```

Transcript of a **Decision** held on October 6, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | OLINSKY LAW GROUP<br>Attorneys at Law<br>300 S. State Street<br>Suite 420<br>Syracuse, New York  13202<br>  BY:  MICHELLE M. FECIO, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>  BY:  HEETANO SHAMSOONDAR, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

(In Chambers, Counsel present by telephone.)

THE COURT: All right. Well, thank you both. I have before me an application for judicial review of an adverse determination by the Commissioner pursuant to 42 United States Code Sections 405(g) and 1383(c)(3).

The background is as follows: The plaintiff was born in June of 1980. He completed the 11th grade, did not graduate and did not secure a GED. He lives in Auburn with his I guess now wife, at one point it was fiancee, and six children, including children who are 12, 9, 7, 4, and 5-month-old twins at the time of the hearing.

He injured his back, his lower back in February of 2011. Since then he has reported constant pain radiating from his back down into his right leg. He's undergone treatment from a variety of sources including Dr. Ijaz Rashid with Neurology Services, SOS, Dr. Aaron Bianco, Dr. Andrew Wensel, W-e-n-s-e-l, a neurosurgeon from Rochester, Auburn Orthopedic Specialists primarily through Nurse Practitioner Melissa Butler, and the New York Spine and Wellness Center. In 2011, an MRI was conducted showing a paracentral profusion -- protrusion at L5-S1 impinging on a nerve root. On February 12, 2013 x-rays showed no significant bony abnormality. On February 22, 2012, an MRI showed a protrusion at L5-S1 but no spinal stenosis. Dr. Rashid at 246 of the administrative transcript referred to that as

1  almost unremarkable.  In August of 2011 a CT myelogram showed
2  results that were fairly normal, with no significant
3  impingement of the spinal canal or nerve root sheaths.
4          The plaintiff has also self-reported on a couple of
5  occasions suffering from depression and anxiety although he
6  has not been formally diagnosed nor treated for those.
7          He has taken Celebrex, gabapentin, hydrocodone,
8  Aleve, epidural steroidal injections, physical therapy,
9  occupational therapy, and aqua therapy.
10         In terms of past work, he was a materials handler
11 at a steel mill shop, he's been in food and beverage service
12 in various settings, and was a gas station attendant for five
13 months working 24 hours per week up to five days prior to the
14 hearing.  He drives.  He cooks and shops with assistance.
15         Procedurally, plaintiff applied for Title II and
16 Title XVI benefits under the Social Security Act on
17 January 7, 2013, alleging a disability onset date of
18 April 15, 2011.  A hearing was conducted by Administrative
19 Law Judge Jennifer Gale Smith on April 22, 2014.  On June 10,
20 2014, the administrative law judge issued a decision finding
21 that the plaintiff was not disabled at the relevant times.
22 The Social Security Administration Appeals Council denied
23 review of that decision on September 21, 2015 making it a
24 final determination of the agency.
25         In her decision, Administrative Law Judge Gale --

I'm sorry, Smith applied the five-step progressive test for determining disability, concluding at step one that the plaintiff had not engaged in substantial gainful activity since April 15, 2011.

At step two, she found that plaintiff suffers from sev -- two severe impairments including degenerative disk disease of the lumbar spine and obesity.

At step three, she concluded that plaintiff, plaintiff's condition did not meet or medically equal any of the listed presumptively disabling conditions of the Commissioner's regulations, including a Listing 1.04.

After surveying the medical evidence, she then concluded that plaintiff retains the residual functional capacity to perform sedentary work but should never climb ladders, ropes, and scaffolds, can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach and the claimant should be able to change positions every 30 minutes but stay on task at the work station.

At step four, the administrative law judge concluded that plaintiff is unable to perform his past relevant work.

At step five, after noting that if the medical vocational guidelines were used, a finding of no disability would be required, she concluded that vocational expert

1   testimony was necessary, based on potential erosion of the
2   job base on which the grids are predicated.  Based on the
3   hypothetical approximating the residual functional capacity
4   and other characteristics of the plaintiff, the vocational
5   expert testified and the ALJ found that plaintiff can perform
6   work in the national economy including as an order clerk/food
7   and beverage, a document preparer, and a charge account
8   clerk, and therefore he is not disabled.
9           As you know, my task is limited.  My role is to
10  determine if proper legal principles were applied and the
11  result is supported by substantial evidence.  It is a
12  deferential standard.
13          With regard to failure to develop the record, the
14  duty to develop the record only applies if there are obvious
15  gaps.  Undoubtedly, even in a counseled case, the ALJ does
16  have a duty to develop the record if there are such gaps.  In
17  this case, the record is replete with treatments, notes, and
18  other documents reflecting the medical treatment and testing
19  of the plaintiff over time.  The lack of a medical source
20  statement does not always mean that there is a gap, a fatal
21  gap in the record.  The regulations themselves indicate that
22  at 20 C.F.R. Sections 404.151(b) -- no 1513(b), (c) and
23  416.913(b)(6).  It is the plaintiff's burden to establish his
24  limitations.
25          I found the Second Circuit's decision in *Tankisi* to

1  be particularly instructive and on point.  In this case we
2  have a consultative exam from Dr. Lorensen and it is
3  supplemented by medical treatment notes and testing results
4  that convince me that there's no critical gap that the ALJ
5  should have filled.
6    With respect to the argument that Dr. Lorensen's
7  opinions are hopelessly vague, that would potentially have
8  been true back when it was thought that it was the
9  Commissioner's burden to establish limitations, the lack of
10 limitations on the part of claimant, but clearly under
11 *Poupore* and the current regulations, it is the plaintiff's
12 burden to establish limitations at the RFC stage.  The --
13 again, *Tankisi* is very much on point but it is not unduly
14 fatal in my view in light of the overwhelming evidence that
15 Dr. Lorensen used a term moderate in conjunction with
16 limitations.  And I also have relied in that regard on *Zongos*
17 *v. Colvin*, 2014 WL 788 -- 788791, I'm sorry, and *Ashby v.*
18 *Astrue* at 2012 WL 2477595.
19    I do find that the RFC determination by the
20 Commissioner is supported by substantial evidence, including
21 his testimony that he is able to lift the twins at 13 pounds,
22 Dr. Lorensen's opinions, Dr. Rashid's treatment notes, the
23 account of plaintiff's daily activity, the testing results
24 including the CT and MRI, and Nurse Practitioner Butler's
25 statement that he can perform sedentary work which, although

1  she's not an acceptable medical source, is still a statement
2  that the ALJ can consider.
3          In terms of what we used to call credibility but
4  the regulations are more focused on weighing of plaintiff's
5  reports of symptomology, I believe the analysis was extremely
6  thorough.  This decision goes through in much more detail
7  than I'm used to seeing, quite honestly, the medical records
8  in this case, and at 21 to 25, in detail surveys that
9  evidence, and then 25 to 27 explains her conclusions relying
10 on such things as plaintiff's report that he was remodeling
11 his bedroom, his work experience at the truck stop, his
12 accounts of daily activities including to Dr. Lorensen.  I
13 believe there was a thorough discussion explaining the
14 Commissioner's credibility determination and that is
15 supported by substantial evidence.
16         So in sum, I will grant judgment on the pleadings
17 to defendant and direct that plaintiff's complaint be
18 dismissed.  I think the result is supported by substantial
19 evidence and correct legal principles were applied.
20         Thank you both for excellent arguments and I hope
21 you have a good day.
22         MR. SHAMSOONDAR:  Thank you, your Honor.
23         MS. FECIO:  Thank you, your Honor.
24             (Proceedings Adjourned, 2:32 p.m.)
25

1      CERTIFICATE OF OFFICIAL REPORTER

2

3

4      I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5  Official Realtime Court Reporter, in and for the

6  United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that

8  pursuant to Section 753, Title 28, United States

9  Code, that the foregoing is a true and correct

10 transcript of the stenographically reported

11 proceedings held in the above-entitled matter and

12 that the transcript page format is in conformance

13 with the regulations of the Judicial Conference of

14 the United States.

15

16                    Dated this 7th day of October, 2016.

17

18

19                    /S/ JODI L. HIBBARD

20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547